UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DANNY LUKE                                                CIVIL ACTION

v.                                                        NO. 14-1549

HILCORP ENERGY COMPANY AND                                SECTION "F"
ROUSTABOUTS, INC.

ORDER AND REASONS

Before the Court are the defendants' motions for summary judgment.  For the foregoing reasons, the motions are GRANTED.

Background

This is a maritime personal injury case.  In June 2014, the plaintiff's skiff struck a submerged piling when he was checking his crab cages near Four Island Dome.  He fell and sustained injuries to his head, neck, back and other areas; his skiff was also damaged.  The plaintiff alleges that his accident was caused by the negligence of the defendants.  Since July 2010, Hilcorp has held mineral leases in the Four Island Dome Field.  Pursuant to a Master Service Contract, Hilcorp engaged the services of Roustabouts to provide oilfield construction services in connection with Hilcorp's oil and gas operations.  The defendants move for summary judgment, contending that they did not own, control, maintain, place, or have any connection to the piling that struck the plaintiff's skiff.

1

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim.  Id.  Hearsay evidence and unsworn documents that cannot

be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); FED. R. CIV. P. 56(c)(2).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

II.

The alleged incident in this case occurred in navigable waters, giving this Court admiralty jurisdiction. See Branch v. Schumann, 445 F.2d 175, 177-78 (5th Cir. 1971).  A private party assumes liability for damages resulting from collision of a boat with an obstruction in navigable waters when it has ownership, custody or is responsible for the placement of the obstruction in navigable waters. See Creppel v. Shell Oil Co., 738 F.2d 699, 701 (5th Cir. 1984); Savoie v. Chevron Texaco, No. 04-1302, 2006 WL 2795460, at *2 (E.D. La. Sept. 27, 2006).

Here, the plaintiff, quite simply, has put forth no evidence that Hilcorp or Roustabouts owned or were responsible for the piling at issue.  Thus, they owed the plaintiff no duty.  The plaintiff focuses on a handful of facts in an attempt to create a genuine issue of material fact, including that Hilcorp and Roustabouts did work in the general area, Roustabouts removed the piling after the accident, and Hilcorp did not inspect the waterway

it leased.[1]  The Fifth Circuit has explained that a mineral lessee does not have a duty to police the waters covered by its lease or to take steps to remove obstructions that it does not own, has not placed there, or does not maintain or control.  Creppel, 738 F.2d at 702.  The plaintiff's reliance on the duty of landowners is misplaced and entirely unpersuasive.  That Hilcorp and Roustabouts worked in the general area, hundreds of yards away, is insufficient evidence to show ownership or control.  That Roustabouts removed the piling after the accident also does not show ownership or control; it shows that the piling was located within Hilcorp's leased waterway.  Again, a lessee "owes no duty toward those using the navigable waterways to clear away obstructions that it does not own, has not placed there, or does not maintain there under its control."  Id.  Absent even the slightest evidence of ownership or control, this Court cannot find that the plaintiff has shown any genuine issue of material fact.

The plaintiff relies heavily on Punch v. Chevron USA, Inc., No. 12-388, 2012 WL 5289379 (E.D. La. Oct. 24, 2012) (Lemelle, J.), where, under somewhat similar facts, the court denied summary judgment.  In Punch the court found a genuine issue of material fact as to whether the defendant owned, controlled, or placed the

---

[1] The plaintiff also contends that he believes that Roustabouts may have previously struck the piling with its barge, and thus that Roustabouts caused the hazard.  The plaintiff's belief unsupported by evidence does not defeat summary judgment.

4

piling at issue, because a civil engineer and land surveyor stated that it was likely that the piling was once a part of a Texaco facility that the defendant later acquired.  Here, however, there is no evidence that Hilcorp owned or controlled the piling.  The evidence shows only that Hilcorp leased the waterway in which the piling existed and worked in the same general area, evidence insufficient to establish liability under Creppel.

Accordingly, IT IS ORDERED that the defendants motions for summary judgment are hereby GRANTED, and the case is DISMISSED.

New Orleans, Louisiana, April 20, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE